# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

UNITED STATES OF AMERICA

v.

FARLEN KENRIC KETCHUM

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation of Supervised Release**)

Case Number:  11-cr-00360-WJM-01

USM Number:  31496-013

Brian Leedy, AFPD
(Defendant's Attorney)

**THE DEFENDANT:**  Admitted guilt to violations 2, 3, 4, 5, and 6, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 2 | Excessive Use of Alcohol | 10/30/12 |
| 3 | Failure to Report Arrest/Questioning by Law Enforcement Officer | 10/30/12 |

The defendant is sentenced as provided in pages 3 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

April 15, 2013
Date of Imposition of Judgment

Signature of Judge

William J. Martinez, U.S. District Judge
Name & Title of Judge

16 April 2013
Date

DEFENDANT:  FARLEN KENRIC KETCHUM
CASE NUMBER:  11-cr-00360-WJM-01

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 4 | Violation of the Law (Driving Under the Influence and Driving Without a Valid Driver's License | 11/07/12 |
| 5 | Excessive Use of Alcohol | 11/07/12 |
| 6 | Failure to Report Arrest/Questioning by Law Enforcement Officer | 11/07/12 |

DEFENDANT:  FARLEN KENRIC KETCHUM
CASE NUMBER:  11-cr-00360-WJM-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of seven (7) months.

The court recommends that the Bureau of Prisons credit the defendant for ninety-four (94) days time spent in custody.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT:  FARLEN KENRIC KETCHUM
CASE NUMBER:  11-cr-00360-WJM-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of twenty-four (24) months.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The drug testing condition required by 18 U.S.C. § 3583(d) is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of  DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT:  FARLEN KENRIC KETCHUM
CASE NUMBER:  11-cr-00360-WJM-01

9)   The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10)  The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14)  The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1)   The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until he is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2)   The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until he is released from the program by the probation officer.  The defendant shall pay the cost of treatment as directed by the probation officer.  The court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report, for continuity of treatment.

3)   Throughout the duration of his supervision, the defendant shall not use or possess any alcoholic beverages, or other intoxicants, except as prescribed by a physician.  The defendant shall not enter into any establishment whose primary business is the sale or distribution of alcoholic beverages.

4)   The defendant shall reside in a community corrections center, other than the facility in Durango, Colorado, for a period of six (6) months, to commence on upon release from custody, and shall observe the rules of that facility.

5)   The defendant shall obtain his General Equivalency Diploma (GED).

DEFENDANT:  FARLEN KENRIC KETCHUM
CASE NUMBER:  11-cr-00360-WJM-01

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| One | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $100.00 | $0.00 | $0.00 |

DEFENDANT:  FARLEN KENRIC KETCHUM
CASE NUMBER:  11-cr-00360-WJM-01

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The special assessment fee is due immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment.